UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-76-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NIKKI J. BOLINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 223 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Bolinger's guilty plea and adjudge her guilty of Count 4 of the Second Superseding Indictment (DE 107). *See* DE 224 (Recommendation); *see also* DE 222 (Plea Agreement). Judge Ingram expressly informed Defendant of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 224 at 2–3. The established objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 224, **ACCEPTS** Bolinger's guilty plea, and **ADJUDGES** her guilty of Count 4 of the Second Superseding Indictment (DE 107);

2. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter;

3. The Plea Agreement and Recommendation do not address forfeiture, so the Court does not address that topic here; and

4. The Court will issue a separate sentencing order.[1]

This the 1st day of April, 2022.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Bolinger to custody. *See* DE 223. This was her status pre-plea. *See* DE 162. The Court, thus, sees no need to further address detention, at this time.